UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| USA VISIONARY CONCEPTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1218 HEA |
| ) | |
| MR INTERNATIONAL, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss the Complaint for Improper Venue, [Doc. No. 12]. Plaintiff opposes the motion. On October 8, 2009, the Court heard arguments on this motion and on Plaintiff's Motion for Preliminary Injunction. For the reasons set forth below, the Motion to Dismiss is denied. This matter is, however, transferred to the Western District of Missouri.

### Facts and Background

Plaintiff filed its verified Complaint alleging trademark infringement by Defendant on August 3, 2009. Plaintiff claims the Court's jurisdiction is based on the Missouri long-arm statute, Rev.Stat.Mo. § 506.50. Plaintiff contends Defendant has transacted business in Missouri. Plaintiff asserts venue is proper in this district

pursuant to 28 U.S.C. § 1391 because "Defendant resides in Missouri and this judicial district."

According to the Complaint, Plaintiff is the owner of the trademark "i.tan" for "indoor and outdoor skin tanning preparations." The Complaint further avers that Defendant sold tanning products under a trademark that is virtually identical to the federally registered trademark owned by Plaintiff for tanning products. Among other facts, the Complaint states that Defendant is currently offering for sale and is selling a line of tanning products and accessories called the "intelligent Tanning" line to tanning salons, other retailers and consumers nationwide, including in Missouri. This line of products is commonly referred to as the "iTan" line by Defendant and at least one of Defendant's tanning products is being sold under the "iTan" trademark. Plaintiff claims Defendant has sold significant volumes of tanning products marked under and bearing the iTan trademark.

Defendant is a Delaware Corporation with its principal "address" in Las Vegas, Nevada. It specializes in the manufacture and sale of tanning products; it is owned by numerous private entities, including tanning salons across the United States.

Defendant admits that it sells its products to five Missouri customers. It has sold the accused i Tan product to three Missouri customers, all of which are located

around Springfield, Kansas City and Jefferson City, Missouri. The two customers which are located in this district, have not been sold the accused product, rather, the product has been provided in a "Sample Kit" to one of its customers in this District for consideration of the products Defendant produces. The sample kit was provided at no cost to Urban Tan.

Defendant moves to dismiss this action for improper venue. Plaintiff opposes the motion and has asked, alternatively, that the Court transfer the action to the Western District of Missouri if the Court concludes venue in this district is improper.

## Discussion

Defendant does not contest personal jurisdiction. Notwithstanding personal jurisdiction exists, Defendant contends that this district is not the proper venue for this action. Plaintiff bases venue on 28 U.S.C. § 1391(b) and (c), which provide:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it

> is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C.A. § 1391(b) and (c). Thus, the Court must determine whether personal jurisdiction exists in relation to Defendant's actions within this district such that it can be said that Defendant "resides" herein. The Court therefore utilizes a personal jurisdiction analysis as to Defendant's actions within the district.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a *prima facie* case showing there is personal jurisdiction over the defendant." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003). The court "views the evidence in the light most favorable to the plaintiff and resolves all factual conflicts in the plaintiff's favor." *Id*. Plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [Defendant] may be subjected to the jurisdiction of the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir.2008) (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.2004)). Plaintiff's *prima facie* case "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and

opposition thereto." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir.2008) (internal quotations and citations omitted).

Plaintiff argues that personal jurisdiction in this District exists under the Missouri Long Arm Statute because Defendant transacts business here.[1] Plaintiff also asserts, in its response to the motion, that it is relying on Defendant's commission of a tort within the district, *i.e.*, the sale of the infringing product within the district. The Complaint states that Defendant "sold" the allegedly infringing product, "i Tan," within this district. The fatal flaw in Plaintiff's argument, however, is that the product was not sold by Defendant within this district. Defendant "provided" its product to a tanning salon in a sample kit as an incentive

---

[1] Plaintiff relies on "specific" jurisdiction, as opposed to "general jurisdiction." The difference between the two is apparent. Specific jurisdiction applies to actions of Defendant with respect matters relevant to the suit; general jurisdicton applies in instances wherein Defendants' overall actions are continuous and systematic, not necessarily with regard to the subject matter of the lawsuit Both types of jurisdiction require sufficient minimum contacts with the State such that Defendant purposely avails itself of the privilege of conducting business therein and would reasonably anticipate being haled into the courts of that state. *Dever v. Henzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)). The court in *Dever,* 380 F.3d at 1073, explained these two types of personal jurisdiction as follows:

> Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In contrast, specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. *Id.* at 414, 104 S.Ct. 1868.

for the salon to enter into a contract with Defendant to sell and market its products to the tanning salon's customers. While it may be that Defendant intended to ultimately sell its i Tan product to salons to be sold to the final consumer, at this point in time, Defendant has neither transacted business by selling any of the allegedly infringing product within this district, nor has it committed a tort by selling the product. The allegedly infringing product has, however, been sold within the Western District of Missouri. Accordingly, pursuant to 28 U.S.C. § 1391(b) and (c) venue is not proper within the Eastern District of Missouri, rather, venue is proper in the Western District of Missouri.

When venue in the original district of filing is improper, 28 U.S.C. § 1406(a), the improper venue statute, applies rather than 28 U.S.C. § 1404(a), the convenience transfer statute. *See* 17 James Wm. Moore, et al., *Moore's Federal Practice,* § 111.02[1][a] (3d ed.2009). Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court finds it would be in the interest of justice to transfer this case rather than dismiss it, to avoid the costs and delay associated with requiring Plaintiff to refile the case in the transferee district. The facts alleged in the Complaint and as

set forth in the parties' memoranda show that the proposed transferee forum, the Western District of Missouri would have proper venue and personal jurisdiction over Defendant. Accordingly, this action could have been brought in that district.

## **Conclusion**

Based upon the foregoing analysis, Defendant's Motion to Dismiss the Complaint for Improper Venue will be denied. This matter is, however, transferred to the Western District of Missouri, pursuant to 28 U.S.C. § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Complaint for Improper Venue, [Doc. No. 12], is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is transferred to the Western District of Missouri. The Clerk of the Court shall take the appropriate actions to effectuate this transfer.

Dated this 20th day of October, 2009.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE